UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GABRIEL PENUELAS-GARCIA,<br>Defendant. | Case No. 22-cr-00266-BLF-1<br><br>**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE**<br><br>[Re: ECF No. 29] |

Before the Court is Pro Se Defendant Gabriel Penuelas-Garcia's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive amendment made to U.S.S.G. 4A1.1(d) ("Amendment 821"). *See* ECF No. 29 ("Mot."). The United States Probation Office issued a Sentence Reduction Investigation Report ("SRIR") stating that Defendant does not qualify for a reduction. ECF No. 33. The Government filed a brief opposing a reduction in sentence. ECF No. 34 ("Opp."). The Court invited Defendant to file an optional reply, ECF No. 32, and no reply has been filed.

For the reasons stated below, the Court DENIES the motion.

I.  **BACKGROUND**

On October 7, 2022, Defendant pled guilty to a one-count Information charging him with violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition. ECF No. 23 ("PSR") at 1. The PSR assigned 10 criminal history points to Defendant, which included 2 points for "commit[ing] the instant offense while under a criminal justice sentence for Possession of a Controlled Substance for Sale and Felon in Possession of a Firearm, Santa Cruz County Superior Court, Docket No. 17CR05754." *Id.* at 36. This resulted in a criminal history category of V. *Id.* at 37. The PSR found that Defendant had a total adjusted offense level of 25. *Id.* at 27.

1  Consequently, the PSR calculated Defendant's advisory Guidelines range at 100-125 months of
2  imprisonment. *Id.* at 66.
3  On January 24, 2023, the Court held a sentencing hearing. At the hearing, the Court
4  similarly found that Defendant had 10 criminal history points, resulting in a criminal history
5  category of V and that Defendant's total adjusted offense level was 25. This resulted in an
6  advisory Guidelines range of 100-125 months (although the statutory maximum was 120 months).
7  The Court varied from the Guidelines and sentenced Defendant to 84 months of imprisonment.
8  ECF No. 26.
9  On June 17, 2024, Defendant filed a motion under 18 U.S.C. § 3582(c)(2) seeking a
10 reduced sentence based on Part A of Amendment 821 to the Sentencing Guidelines. *See* Mot. On
11 July 11, 2024, Probation sent a memorandum to the Court finding that Defendant was ineligible to
12 receive a sentencing reduction. ECF No. 33. The Court ordered the Government to file a response
13 by July 24, 2024. ECF No. 32.

## II.   LEGAL STANDARD

If a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821 to the Sentencing Guidelines became effective on November 1, 2023 and Parts A and B may be applied retroactively. See U.S.S.G. § 1B1.10(a)(1), (d). Part A of Amendment 821 struck the Sentencing Guidelines' former provision, which added 2 status points if the defendant "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1(d) (Nov. 1, 2015), as amended by Amendment 821. In its place, Part A added a new provision under which 1 status point would be added if the defendant otherwise received 7 or more criminal history points and "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape

status." U.S.S.G. § 4A1.1(e) (Nov. 1, 2023). Part B of Amendment 821 added a provision to the Sentencing Guidelines that provides for a 2-level reduction to a defendant's offense level for certain defendants who meet certain criteria, including receiving no criminal history points. U.S.S.G. § 4C1.1(a) (Nov. 1, 2023).

### III.  DISCUSSION

The Government argues that no relief is available because "Defendant already received a sentence at the low end of the amended guideline range." Opp. at 4.

Defendant presents the current motion pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including Amendment 821, and articulated the proper procedure for implementing those amendments.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court requires district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Ibid.
>
> . . .

> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

Section 1B1.10(b)(2)(A) states: "Except as provided in subdivision (B) [related to substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection," that is, the range produced by application of the retroactive guideline amendment.

The Court agrees with the Government that Defendant is ineligible for a sentence reduction under Amendment 821. Upon application of the new provision to Defendant, "would be a Criminal History Category IV and have a guideline range of 84 to 105 months." SRIR at 1. However, his sentence (84 months) already falls at the low-end of this amended range, so no relief is permissible. *See* Section 1B1.10(b)(2)(A). As such, Defendant's motion for relief is denied.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for a reduction in sentence under Amendment 821, ECF No. 29, is DENIED.

Dated:  September 4, 2024

_____
BETH LABSON FREEMAN
United States District Judge